JOHN J. CRONIN *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk. June 30, 1939. — September 13, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Insurance*, Agent, Commission. *Contract*, Construction.

A provision of a contract of an agent with an insurance company providing for payment of "conservation commission" as to industrial life policies, determination and computation of which depended upon a ratio of lapsed and surrendered policies, was in conflict with G. L. (Ter. Ed.) c. 175, § 164A, inserted by St. 1938, c. 225, and therefore by its own terms was not a part of the contract in this Commonwealth.

CONTRACT. Writ in the Superior Court dated January 3, 1939.

The action was heard upon an agreed statement of facts by *Walsh*, J., who found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*M. T. Hall*, for the plaintiff.

*D. J. Lyne & D. E. Murphy*, for the defendant.

QUA, J. The plaintiff is an agent of the defendant to solicit life insurance. The action is brought to recover his "Conservation Commission" for the quarters ending August 8 and November 7, 1938.

The plaintiff's written contract with the defendant provides that he shall "accept in full satisfaction for all services the commissions and advances hereinafter provided and limited." Then follows (passing over some clauses immaterial to this case) a description of three kinds of "commission," with a detailed statement of the manner in which each is to be calculated. These are the "First-Year Commission," the "Collection Commission" and the "Conservation Commission." The "Conservation Commission" is based upon a comparison between the "renewal lapse

rate" of policies written through, or placed in charge of, the particular agent with the "renewal lapse rate" of the company as a whole. It is so adjusted that if the agent's lapse rate for a given quarter is twenty per cent or less of the company's rate for that quarter the agent shall receive in the succeeding quarter a "Conservation Commission" of $6 per week, and if the agent's rate is over one hundred seventy-five per cent of the company's rate he shall receive no "Conservation Commission." Between these extremes the amount which the agent shall receive is to be ascertained by reference to a sliding scale inserted in the contract. The contract states that this provision for the payment of a "Conservation Commission" "is not a part of this contract in any jurisdiction in which it may be in conflict with any law."

G. L. (Ter. Ed.) c. 175, § 164A, inserted by St. 1938, c. 225, is as follows: "If a policy of industrial life insurance upon which premiums have been paid for three years or more is surrendered to the company for a cash surrender value or paid up insurance or extended term insurance or lapses for non-payment of premiums, the agent shall not be charged with a decrease for said premium and no deduction shall be made from his commission or salary." The policies with respect to which the "Conservation Commission" is calculated include surrendered and lapsed policies of the class to which the statute refers. The question to be decided is, therefore, whether the provision for a "Conservation Commission" conflicts with the statute.

The statute declares that the agent "shall not be charged with a decrease," and that "no deduction shall be made from his commission or salary." We construe this to mean that in computing the agent's commission or salary no deduction shall be made on account of the surrenders or lapses to which the statute refers from the commission or salary which under his contract the agent would receive if there had been no such surrenders or lapses. We can think of no other reasonable interpretation of the words of the statute. The purpose was to exclude these surrenders and lapses as elements operating adversely to the agent in com-

puting his commission or salary. Apparently it was thought that the fixing of the agent's commission or salary with reference to such surrenders and lapses, which may have increased in recent years without any fault of the agent, was unfair or contrary to the public interest.

We cannot accept the plaintiff's contention that the "Conservation Commission" ·is not in reality a part of the agent's "commission or salary," but is a "bonus" or "prize" to be given to him over and above his commission or salary, if his lapse rate is low. The contract will not admit of this construction. If the clause providing for the "Conservation Commission" takes effect as included in the contract, then under its terms the ".Conservation Commission" is not a gift or bonus but is as much a stipulated part of the consideration to be paid to the agent for the performance of his agreement as is the "First-Year Commission" or the "Collection Commission." If the plaintiff's contention should prevail, it would always be possible to evade the statute by setting up a minimum rate of compensation to be calculated without regard to surrenders and lapses and then providing for an additional compensation if the agent's surrenders and lapses should be few.

The terms of the provision for a "Conservation Commission" described in the plaintiff's contract, if put into effect, would result in reducing the agent's commission or salary because of these surrenders and lapses below the sum which the agent would be entitled to receive if there had been no such surrenders and lapses, and therefore would conflict with G. L. (Ter. Ed.) c. 175, § 164A. It follows that by the express terms of the contract the provision relative to the "Conservation Commission" never became a part of the contract, and the plaintiff is not entitled to recover that commission.

*Exceptions overruled.*